PROPERTY
University Hospital may directly receive gifts and donations of real and personal property, money and other things from the donors or grantors in accordance with 70 O.S. 3306.5 [70-3306.5] (1977), and the requirements of 60 O.S. 381 [60-381] et seq. (1971), do not apply to such gifts and donations. The Board of Trustees of the University Hospital may receive restricted equipment contributions offered by the Voluntary Auxiliary in order to purchase pieces of patient care equipment, and such donations may be directly received by the Board of Trustees, pursuant to 70 O.S. 3306.5 [70-3306.5] (1977), and need not be tendered to the Governor and the Board of Affairs. The Attorney General has considered your request for an opinion wherein you ask the following questions: 1. May University Hospital directly receive gifts and donations of real and personal property, money and other things without the necessity of complying with the requirements of 60 O.S. 381 [60-381] et seq. (1971)? In that regard, is 70 O.S. 3306.5 [70-3306.5] (1977), the governing statute concerning the acceptance of the above-mentioned donations and gifts? 2. May the University Hospital receive a restricted equipment contribution for the purchase of pieces of patient care equipment from the Voluntary Auxiliary without the necessity of following the procedures outlined in 60 O.S. 381 [60-381] et seq. (1971)? Title 60 O.S. 381 [60-381] — 60 O.S. 397 [60-397] (1971), involve the procedures by which gifts of property may be made to the State and its subdivisions. Section 383 sets forth general authority for the acceptance of gifts by the State, to-wit: "Except to the extent that such authority is otherwise specifically vested in some other State officer, board, commission or agency, the Governor of the State of Oklahoma is hereby authorized, in his discretion, to accept, upon behalf of the State of Oklahoma, any gift, testamentary or otherwise, whether unconditional or conditional, of any property, whether real or personal or both, to the State of Oklahoma or to any State institution, department or agency; and, in such instances, except as otherwise provided in Section 11 to 16 hereof, delivery of such property, possession thereof, and any muniments of title thereto shall be made to, and receipted for by the State Board of Public Affairs." In 1973, the Oklahoma Legislature specifically authorized the Trustees of the University Hospital to accept gifts offered to said institution. Said statutory authorization may be found in 70 O.S 3306.5(7) (1977), which states in pertinent part: "The Board of Trustees of the University Hospital shall have supervision, administration, management, operation and control of the University Hospital at the University of Oklahoma Medical Center; and it shall have the following additional powers and duties: ". . .
"7. Accept gifts of real and personal property, money and other things, and use or dispose of the same in accordance with the directions of the donors or grantors thereof; ". . ." Thereby, the Oklahoma Legislature authorized the Board of Trustees of the University Hospital to accept both real and personal property, money and other items and to dispose of them in accordance with directions of the donors or grantors. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: University Hospital may directly receive gifts and donations of real and personal property, money and other things from the donors or grantors in accordance with 70 O.S. 3306.5 [70-3306.5] (1977), and the requirements of 60 O.S. 381 [60-381] et seq. (1971), do not apply to such gifts and donations. The Board of Trustees of the University Hospital may receive restricted equipment contributions offered by the Voluntary Auxiliary in order to purchase pieces of patient care equipment, and such donations may be directly received by the Board of Trustees, pursuant to 70 O.S. 3306.5 [70-3306.5] (1977), and need not be tendered to the Governor and the Board of Affairs. (KAY KAREN KENNEDY)